[930 NYS2d 16]

In the Matter of OLABANJI O. ELEGBE (Admitted as OLABANJI OLUSEGUN ELEGBE), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, September 13, 2011

## APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Mark F. DeWan* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts (hereinafter the Grievance Committee) served the respondent with a petition dated April 22, 2009, and a supplemental petition dated April 13, 2010, together containing four charges of professional misconduct. Charge two of the original petition was withdrawn. At a prehearing conference on March 4, 2010, the respondent admitted the factual allegations in charge one. The disciplinary proceeding was held on April 7, 2010 and April 13, 2010, and then reopened on July 29, 2010. The Special Referee sustained charges one, three, and four. The respondent appeared pro se on March 4, 2010 and April 13, 2010, but did not appear on April 7, 2010 and July 29, 2010. While the respondent submitted an answer to the original petition, he did not submit an answer to the supplemental petition. The Grievance Committee now moves to confirm the report of the Special Referee and for the imposition of such discipline as the Court deems appropriate. The respondent has neither cross-moved nor interposed a response to the motion.

Charge one alleges that the respondent neglected a legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (a) (3) and DR 1-102 (a) (7) (22 NYCRR 1200.30 [a] [3]; 1200.3 [a] [7]).

In or about February 2007, the respondent was retained by Monica Wiggan to commence an action against two former tenants for back rent, to recover the cost of repairs to her apart-

ment, and other damages. On or about February 7, 2007, the respondent commenced a legal matter on Wiggan's behalf by filing a summons and complaint in Civil Court, Kings County. In or about July 2007, Wiggan's legal matter was dismissed after the respondent appeared late for court. In or about September 2007, the respondent succeeded in having Wiggan's matter restored to the calendar, but thereafter failed to take any further action in the case.

Charge three alleges that the respondent neglected a legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (a) (3) and DR 1-102 (a) (7) (22 NYCRR 1200.30 [a] [3]; 1200.3 [a] [7]).

In or about February 2008, the respondent was retained by Joan A. Baptiste to handle an immigration matter. In or about April 2008, Baptiste paid the respondent a legal fee of $4,000. The respondent failed to take any action in the matter.

Charge four alleges that the respondent failed to comply with the lawful demands of the Grievance Committee in connection with its investigation into a complaint of professional misconduct against him.

On or about September 28, 2009, Baptiste filed a complaint of professional misconduct against the respondent with the Grievance Committee. By letter dated October 8, 2009, the Grievance Committee sent the respondent a copy of the Baptiste complaint and directed him to submit a written answer within 10 days of receipt. The respondent failed to submit an answer or contact the Grievance Committee in any manner. By letter dated October 27, 2009, sent by certified mail and regular mail, the Grievance Committee again requested the respondent to submit a written answer within 10 days of receipt. The respondent failed to do so. By letter dated February 24, 2010, the Grievance Committee for the third time directed the respondent to submit a written answer, and directed him to do so on or before March 4, 2010. The respondent failed to submit a written answer by March 4, 2010, but on that date verbally agreed to submit a written answer to the complaint. By letter dated March 5, 2010, the Grievance Committee confirmed the verbal agreement, and directed the respondent to submit a written answer on or before March 22, 2010. To date, the respondent has failed to submit an answer.

In view of both the uncontroverted evidence that the respondent neglected a legal matter and his default with respect to the charges in the supplemental petition, the Special Referee

properly sustained charges one, three, and four. Accordingly, the Grievance Committee's motion to confirm the report of the Special Referee is granted.

Based on the respondent's admissions of neglect, the absence of any mitigating evidence, and his default, the respondent is disbarred, effective immediately.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and DILLON, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that, effective immediately, the respondent, Olabanji O. Elegbe, admitted as Olabanji Olusegun Elegbe, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Olabanji O. Elegbe, admitted as Olabanji Olusegun Elegbe, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Olabanji O. Elegbe, admitted as Olabanji Olusegun Elegbe, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Olabanji O. Elegbe, admitted as Olabanji Olusegun Elegbe, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).